Robert A. Arnott, Ph.D. Assistant Director Colorado Department of Health 4210 East 11th Avenue Denver, CO 80220
Dear Dr. Arnott:
This opinion letter responds to your inquiry about the proper disposition of moneys which may be recovered on behalf of the state from defendants through settlement or judgment in lawsuits pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601-57 (1982) (hereafter "CERCLA").
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
Whether moneys recovered on behalf of the state from defendants in CERCLA lawsuits through consent decrees or court ordered judgments must be credited to the "CERCLA Recovery Fund," pursuant to section 25-16-201, C.R.S. (1985 Supp.), or whether such moneys must be credited to the "Hazardous Substance Response Fund," established by section 25-16-104.6, C.R.S. (1985 Supp.), and used by the Department of Health for the purposes designated in the consent decree or judgment?
 In my opinion the General Assembly intended different disposition of moneys awarded pursuant to CERCLA depending upon the purpose of such awards. Moneys awarded as reimbursement for the state's costs of responding to released hazardous substances ("past response costs") must be credited to the Hazardous Substance Response Fund and, if such past response costs came originally from the general fund, the moneys must be used to reimburse the general fund. Moneys awarded to cover the costs of the state's future response to released hazardous substances ("future response costs") must be credited to the Hazardous Substance Response Fund and used to accomplish such measures associated with the site for which the award is made. Natural resource damage awards must be credited to the CERCLA Recovery Fund and may be appropriated by the General Assembly for any lawful purpose.
Nothing in this attorney general's opinion should be construed to apply to response costs recovered by the Departments of Health or Law on behalf of authorized agents or political subdivisions of the state.
ANALYSIS
The disposition of moneys recovered by the state pursuant to CERCLA is governed by sections 25-16-104.6, 25-16-104.7, and25-16-201(1)(a), C.R.S. (1985 Supp.). Title 25, article 16 of C.R.S. establishes two related funds to provide for protection of the public health and welfare and the environment from releases of hazardous substances: the Hazardous Substance Response Fund, created by section 25-16-104.6, C.R.S. (1985 Supp.) and the CERCLA Recovery Fund, created by section 25-16-201(1)(a), C.R.S. (1985 Supp.).
Moneys recovered by the state pursuant to CERCLA must be credited to one or another of these funds depending upon the basis for recovery. All moneys recovered pursuant to CERCLA by "the state or any of its departments or agencies acting as trustees ofnatural resources" must be credited to the CERCLA Recovery Fund. Section 25-16-201(1)(a), C.R.S. (1985 Supp.) (emphasis added). All other moneys recovered pursuant to CERCLA, that is "any money recovered from responsible parties pursuant to the federal act which is not generated by the state litigating as trustee for natural resources" must be credited to the Hazardous Substance Response Fund. Section 25-16-104.6(1), C.R.S. (1985 Supp.) (emphasis added).
CERCLA authorizes states to recover two categories of moneys: (1) "all costs of removal or remedial action" (response costs) "which are incurred by the United States or by a state not inconsistent with the National Contingency Plan;" and (2) natural resource damages. 42 U.S.C. § 9607(a)(1)-(4)(A) and (C).
Response costs, recoverable pursuant to 42 U.S.C. § 9607(a)(1) — (4)(A) include, inter alia, expenditures for litigation, site studies, laboratory analysis, state personnel, etc. 42 U.S.C. § 9601(23), (24) and (25). Such costs may be divided into "past costs", that is costs incurred up to the date of settlement or judgment, and "future costs" such as costs of implementing court-approved remedial action including costs of oversight by state personnel of implementation of the remedy by responsible parties or private contractors, costs of engineers and construction personnel and legal costs to enforce any consent decree or judgment. Past response costs have two possible origins: the general fund, see section25-16-104.7(1)(b), C.R.S. (1985 Supp.); or the Hazardous Substance Response Fund, see sections 25-16-104(b)(2)(d) and25-16-104.7(1)(c), C.R.S. (1985 Supp.) (authorizing use of the Fund for "necessary state activities [i.e., removal or remedial action] at natural resource damage sites"). The state's recovery of response costs under CERCLA is based upon the state's historic powers and duties as sovereign to incur costs to protect the public health and welfare and the environment. Accordingly, response costs are not recovered by the state in its capacity as public trustee of natural resources.
Natural resource damages, recoverable pursuant to 42 U.S.C. § 9607
(a)(1) — (4)(C), are "damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release." Id. CERCLA grants the state standing to recover damages for injury to natural resources in the state's capacity as trustee of such resources for the public.42 U.S.C. § 9607(f). CERCLA's distinction between the state's recovery of damages (as public trustee) and response costs (as sovereign), is in accord with the common law which historically has distinguished between the state as sovereign, entitled to exercise police powers to provide for the welfare of its citizens, and the state as public trustee of all natural resources within its borders. Compare Martin v.Waddell, 41 U.S. (16 Pet.) 997 (1842) withEuclid v. Ambler Realty Co., 272 U.S. 365 (1926). Accordingly, moneys recovered as response costs are to be credited to the Hazardous Substance Response Fund, section25-16-104.6, C.R.S. (1985 Supp.), whereas moneys recovered as natural resource damages are to be credited to the CERCLA Recovery Fund, section 25-16-201(1)(a), C.R.S. (1985 Supp.).
The General Assembly has provided directives concerning the uses to be made of the moneys recovered and credited to the two funds. Moneys credited to the Hazardous Substance Response Fund, including past and future response costs recovered by the state pursuant to CERCLA, must be used, inter alia, "[t]o implement the measures provided for in section25-16-104.7." Section 25-16-104.6(2)(d), C.R.S. (1985 Supp.) (emphasis added). Section 25-16-104.7(1) provides in pertinent part that:
 (a) Money awarded to the state as damages for remedial activities or replacement costs shall be used to accomplish such measures associated with the site for which the award is made.
 (b) Money awarded to reimburse state general fund costs associated with litigating any case shall be returned to the general fund.
 (c) Money, not awarded pursuant to paragraph (a) or (b) of this subsection (1), which is awarded to the state for damages may be credited to the hazardous substance response fund established in section 25-16-104.6 and may be used for the purposes provided therein or for necessary state activities at natural resource damage sites.
(Emphasis added.) When read together, sections 25-16-104.6(2)(d) and 25-16-104.7(1), C.R.S. (1985 Supp.), reveal an unmistakable legislative intent to have the Department of Health: return thosepast response costs which originally were funded by the general fund to the general fund; use recoveries of past response costs originally funded by the Hazardous Substance Response Fund for the purposes set forth in sections 25-16-104.6 and25-16-104.7, C.R.S. (1985 Supp.); and, use moneys awarded asfuture response costs "to accomplish such measures associated with the site for which the award is made."
In contrast, moneys in the CERCLA Recovery Fund, including natural resource damage awards obtained by the state pursuant to CERCLA, may be appropriated by the General Assembly to the Hazardous Substance Response Fund, section 25-16-104.6(1), C.R.S. (1985 Supp.), or for any lawful purpose, section 25-16-201(1)(a), C.R.S. (1985 Supp.).
SUMMARY
The proper disposition of moneys recovered pursuant to CERCLA may be determined after examining both state and federal law. A review of CERCLA and title 25, article 16 of the Colorado Revised Statutes establish the General Assembly's intention that:
 All past response costs, i.e., funds used up to the date of settlement or judgment to pursue the litigation and cleanup, be credited to the Hazardous Substance Response Fund;
 All past response costs which originally were from the general fund be returned by the Department of Health from the Hazardous Substance Response Fund to the general fund;
 All past response costs which originally were from the Hazardous Substance Response Fund be used by the Department of Health for the purposes set forth in sections 25-16-104.6 and 25-16-104.7, C.R.S. (1985 Supp.);
 All future response costs be credited to the Hazardous Substance Response Fund and used by the Department of Health to accomplish such measures associated with the site for which the award was made; and
 All natural resource damage awards be credited to the CERCLA Recovery Fund to be appropriated by the General Assembly for lawful purposes.
My interpretation of the provisions of sections 25-16-104.6,25-16-104.7, and 25-16-201, C.R.S. (1985 Supp.) is consistent with the General Assembly's manifest intention to protect the public and the environment from released hazardous substances,see, e.g., section 25-16-101, C.R.S. (1985 Supp.), and to return the costs of providing such protection to their original sources. Section 25-16-104.7(1)(b), C.R.S. (1985 Supp.).
Very truly yours,
 DUANE WOODARD Attorney General
NATURAL RESOURCES PUBLIC FUNDS LEGISLATIVE BILLS
HEALTH, DEPT. OF
Section 25-16-104.6, C.R.S. (1985 Supp.) Section 25-16-104.7, C.R.S. (1985 Supp.) Section 25-16-201, C.R.S. (1985 Supp.)
The General Assembly intended different disposition of awards of moneys recovered pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, depending upon the purpose of such awards. Moneys awarded as "past response costs" must be credited to the Hazardous Substance Response Fund and, if such past response costs came originally from the general fund, the moneys must be used to reimburse the general fund. Moneys awarded to cover the costs of the state's future response to released hazardous substances ("future response costs") must be credited to the Hazardous Substance Response Fund and used to accomplish such measures associated with the site for which the award is made. Natural resource damage awards must be credited to the CERCLA Recovery Fund and may be appropriated by the General Assembly for any lawful purpose.